# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN DUVALLE BLACK,

    *Plaintiff*,

vs.

DWIGHT NEVIN*, et al.*

    *Defendants*.

2:09-cv-02004-KJD-LRL

ORDER

This *pro se* prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare, naked and conclusory assertions that merely constitute formulaic

recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the present case, plaintiff Kevin Black alleges, *inter alia*, that prison officials at High Desert State Prison ("High Desert") were deliberately indifferent to his safety in violation of the Eighth Amendment when they roomed him with and failed to protect him from a known aggressive and confrontational inmate, that he thereafter was improperly disciplined in violation of the Eighth Amendment when he defended himself against an attack by the inmate, and that the prison system's disciplinary, grievance, and appeal procedures violate procedural due process in violation of the Fifth and Fourteenth Amendments.

Plaintiff seeks compensatory and punitive damages as well as injunctive relief restraining the Nevada Department of Corrections (NDOC) from conducting allegedly unconstitutional disciplinary, grievance, and appellate procedures.

1   Plaintiff names as defendants, all in their official capacity only: (a) High Desert Warden
2 Dwight Neven; (b) High Desert Correctional Officer Belton; (c) High Desert Lead
3 Counselor/Caseworker Morrow; and (d) NDOC Director Howard Skolnik. Plaintiff additionally
4 names inmate Phillips, the inmate who allegedly attacked him, in his individual capacity.
5   At the outset, plaintiff does not state a viable claim against the other inmate, Phillips,
6 under § 1983, as the inmate was not a state actor acting under color of state law.
7   Further, plaintiff, who has sued the correctional officer defendants only in their official
8 capacity, fails to present viable official capacity claims against any such defendant.
9   As to the claims for monetary damages, plaintiff may not recover monetary damages
10 from the defendants in their official capacity.  First, claims for monetary damages from the
11 individual defendants in their official capacity are barred by state sovereign immunity under
12 the Eleventh Amendment.  *See,e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989);
13 *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002).  Second, state officials sued in their
14 official capacity for monetary damages in any event are not "persons" subject to suit under
15 42 U.S.C. § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109
16 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).
17   Plaintiff may seek injunctive relief directed to a state officer in his official capacity.  The
18 only injunctive relief sought, however, is an injunction seeking to restrain NDOC from
19 conducting allegedly unconstitutional disciplinary, grievance, and appellate procedures.  As
20 discussed further below, the underlying substantive claim seeking this relief fails to state a
21 claim upon which relief may be granted.  Any remaining claims for injunctive relief as against
22 the High Desert defendants in any event would be moot at this point, given that plaintiff no
23 longer is incarcerated at that facility.
24   On the claim challenging the NDOC disciplinary, grievance, and appellate procedures,
25 plaintiff alleges that the *prior* NDOC administrative regulations governing these procedures
26 created a liberty interest that he now is deprived of by the new regulations.  He relies upon
27 the 1994 decision in *Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994), as support for the
28 proposition that the prior regulations created a liberty interest in not being arbitrarily placed

in disciplinary segregation. The *Walker* case of course no longer is good law, as the intervening United States Supreme Court decision in *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), abrogated the analysis followed in *Walker*. Current law instead is well established that prisoners do not have a liberty interest in a particular disciplinary, grievance or appeal procedure. *See,e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff in all events cannot rely upon repealed state regulations to create a liberty interest. This claim fails to state a claim upon which relief may be granted.

Plaintiff thus fails to state a viable claim against any defendant in an official capacity.

The Court will give plaintiff an opportunity to file an amended complaint presenting a viable claim or claims. If plaintiff files an amended complaint, he should note the following.

First, in the space of the complaint form for describing the "nature of the case," plaintiff should briefly summarize – in the space provided – only the most basic allegations of the case, such as, for example, that prison officials were deliberately indifferent to his safety in violation of the Eighth Amendment when they roomed him with and failed to protect him from a known aggressive and confrontational inmate and that he thereafter was improperly disciplined when he defended himself against an attack by the inmate. The "nature of the case" portion of the complaint form is not the place to set forth extensive and detailed factual allegations. The specific factual allegations instead should be made under one or more of the counts in the complaint.

Second, plaintiff must break his separate constitutional claims down into separate counts. He instead presents at least three different and distinct constitutional claims in a single stream-of-consciousness count where all of his claims run together. He does not specify the legal claims that he is presenting until the end of the complaint, in barely legible allegations squeezed into the margins.

Third, plaintiff shall not use the small handwriting and close line spacing used in the original complaint on electronic docketing pages 4 and 8, where he squeezes two or more pages of content onto a single page. Plaintiff further shall not squeeze additional allegations into the margins. The Court needs to be able to read what is alleged.

1   IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-02004-KJD-LRL, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk of Court shall provide plaintiff with a copy of the original complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered.  If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.

DATED: November 2, 2010

_____
KENT J. DAWSON
United States District Judge