# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN DUVALLE BLACK,

    *Plaintiff*,

vs.

DWIGHT NEVIN*, et al.*

    *Defendants*.

2:09-cv-02004-KJD-LRL

ORDER

This *pro se* prisoner civil rights action comes before the Court for initial review of the amended complaint (#14) under 28 U.S.C. § 1915A and on plaintiff's motion (#15) to compel discovery.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the amended complaint, plaintiff Kevin Black alleges, *inter alia*, that prison officials at High Desert State Prison ("High Desert") were deliberately indifferent to his safety in violation of the Eighth and Fourteenth Amendments when they roomed him with and failed to protect him from a known aggressive and confrontational inmate. He further alleges that he thereafter was improperly disciplined for fighting in violation of the Eighth and Fourteenth Amendments when he defended himself against an attack by the inmate.

The amended complaint addressed a number of the deficiencies outlined in the prior screening order. However, the amended pleading does not address all of the deficiencies and/or fails to state a claim in a number of respects.

First, the amended complaint continues to present the allegations in a continuous stream-of-consciousness narrative rather than in separate counts. The headings on pages 4 through 6 of the amended complaint purport to present three counts alleging different constitutional violations. The narrative under Count I, however, continues into Count II, and then continues without interruption – in mid-sentence – into Count III and beyond. Plaintiff must allege the factual allegations supporting the counts separately. If the factual allegations of one count also apply to another count, plaintiff may simply expressly incorporate the allegations of the one count in the other. Plaintiff also may add additional pages to state a count rather than just continuing his allegations onto the next page for another count. But what he may not do is present one single, continuous narrative that runs from count to count.

Second, there is no liability in this context under the Fourteenth Amendment's due process clause for a failure to protect. Plaintiff is a convicted inmate, and his constitutional rights in this regard arise instead under the Eighth Amendment.

Third, plaintiff's claim alleging that he was deprived of procedural due process in violation of the Fourteenth Amendment in connection with his disciplinary conviction is not cognizable in a Section 1983 action. Plaintiff alleges, *inter alia*, that his good time credits were wiped out by the disciplinary conviction. An inmate may not seek relief in regard to a disciplinary conviction that affects the duration of his confinement in a § 1983 action unless the disciplinary conviction first is overturned in another proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). The appropriate remedy, if any, at this juncture instead is through a petition for a writ of habeas corpus brought after the exhaustion of state judicial remedies.

Fourth, no claim arises under the Eighth Amendment based upon an allegedly inadequate grievance procedure. No viable claim arises in this regard under the Constitution. *See,e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff further states no claim for relief under 18 U.S.C. § 242 or the All Writs Act, 28 U.S.C. § 1651. *See,e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)(§ 242); *Jackson v. Vasquez*, 1 F.3d 885, 888-89 (9th Cir. 1993)(§ 1651).

Fifth, on the individual capacity claims against defendant supervisory officials NDOC Director Howard Skolnik and High Desert Warden Dwight, plaintiff may not base liability solely upon the supervisory responsibility of these officials. There is no *respondeat superior* liability under § 1983, and an allegation of inadequate supervision thus is insufficient to establish supervisory liability. A supervisor may be held liable in his individual capacity only if he was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See,e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). Plaintiff does not state a viable individual capacity claim against defendants Skolnik and Neven. A mere failure to respond to a letter or grievance after the fact does not provide a basis for liability for failure to protect.

Sixth, plaintiff additionally does not state a claim for relief against defendant Cole Morrow. This defendant is included in the list of defendants but otherwise does not appear to be even mentioned in the body of the amended complaint.

Seventh, plaintiff may not recover under the Eighth Amendment based upon allegations of neglect or negligence. Rather, deliberate indifference to inmate health or safety instead must be established. *See Farmer v. Brennan*, 511 U.S. 825, 834-36, 114 S.Ct. 1970, 1977-78, 128 L.Ed.2d 811 (1994). Where a government official's act or omission causing injury to life, liberty or property is merely negligent, the plaintiff's remedies, if any, do not flow from the United States Constitution. *See,e.g., Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986).

The Court will give plaintiff one more opportunity to file an amended pleading presenting viable claims for relief and complying with the orders of the Court.

The motion to compel will be denied as premature. Discovery may not be pursued in the first instance unless and until the Court first has completed screening, then has directed service upon and a response from the defendants, and finally has issued a scheduling order allowing discovery to commence. Defendants were under no obligation to respond to plaintiff's premature discovery. Accordingly, no waiver arose from any failure to respond to the premature and improper discovery.

IT THEREFORE IS ORDERED that the complaint, as amended, is DISMISSED without prejudice for failure to state a claim upon which relief may be granted and for failure to comply with the Court's prior order, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "SECOND AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-02004-KJD-LRL, above the word "SECOND AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

IT FURTHER IS ORDERED that plaintiff's motion (#15) to compel discovery is DENIED as premature.

The Clerk of Court shall provide plaintiff with a copy of the amended complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading prior to ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered. If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.

DATED: January 3, 2011

_____
KENT J. DAWSON
United States District Judge