# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KEVIN DUVALLE BLACK,

        Plaintiff,

v.

DWIGHT NEVEN, *et al.*,

        Defendants.

2:09-cv-02004-KJD -LRL

**O R D E R**

Before the court is plaintiff Kevin Duvalle Black's Motion for Production of Documents (#22), Interrogatories (#23), and Admissions (#24). Defendants filed an Opposition (#25) and Motions To Strike the plaintiff's Motion (#26), Interrogatories (#27), and Admissions (#28). Plaintiff failed to file a Reply or Opposition thereto.

Plaintiff filed his second amended civil rights complaint (#18) on February 3, 2011. On May 6, 2011, the court screened the plaintiff's complaint, and ordered, in part, that the "Attorney General shall advise the [c]ourt within twenty-one (21) days from the date that this order is entered whether she can accept service of process for the defendants named in the amended complaint (#18)" and that "[a]ny defendants for whom service is accepted shall file an answer or otherwise respond to the amended complaint within thirty (30) days of the date of the notice of acceptance of service." (#20). On May 25, 2011, a notice of acceptance of service of process (# 21) was filed on behalf of defendants Cole Morrow, Jamie Rainone, and Ronald Belton. Therefore, the deadline for filing an answer or other response to plaintiff's amended complaint was June 24, 2011. (#20). On May 31, 2011, plaintiff filed the present motion (#22), interrogatories (#23), and requests for admissions (#24).

Pursuant to Local Rule 16-1(b), "in actions by or on behalf of inmates under 42 U.S.C. § 1983 ...no discovery plan is required," rather "a scheduling order shall be entered within thirty (30) days after

the first defendant answers or otherwise appears." Further, under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)..." Here, plaintiff filed the present motion (#22), interrogatories (#23), and requests for admissions (#24) *prior* to any answer or other response being filed and *prior* to any scheduling order allowing discovery to commence. Therefore, his motion (#22) and discovery requests (#23 and #24) are premature and should be stricken. The court notes that this is the second time plaintiff prematurely filed discovery requests. In the court's previous order (#16) denying plaintiff's motion to compel (#15), it specifically informed plaintiff that no discovery is permitted until the court "has issued a scheduling order allowing discovery to commence." Plaintiff is hereby forbidden from seeking discovery until *after* this court has issued a scheduling order. Failure to adhere to the court's order shall result in the imposition of sanctions. See *Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Kevin Duvalle Black's Motion for Production of Documents (#22) is denied as premature.

IT IS FURTHER ORDERED that defendants' Motions To Strike the plaintiff's Motion (#26), Interrogatories (#27), and Admissions (#28) are granted. Plaintiff's Motion For Production of Documents (#22), Interrogatories (#23), and Admissions (#24) are hereby stricken.

DATED this 14th day of October, 2011.

                                           **CAM FERENBACH**
                                           **UNITED STATES MAGISTRATE JUDGE**